UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

J & J SPORTS PRODUCTIONS, INC.,                    Plaintiff,

v.                                                                    Civil Action No. 3:13-cv-884-DJH

ANDREA M. CARO, et al.,                    Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff J & J Sports Production Inc.'s verified claim for damages. (Docket No. 38) The Court entered a default against Defendant Andrea M. Caro for the unauthorized use of communications in violation of 47 U.S.C. §§ 533 and 605, and ordered J & J Sports to submit a verified claim for damages. (D.N. 1, 37) J & J Sports has submitted their claim, which asks for statutory damages—including additional damages for willful violations under § 605(e)(3)(c)(ii)—attorney fees, and court costs. The Court finds that an award of $2,200 for statutory damages, $1,165.50 for attorney fees, and $520 for court costs is proper.

The action arose from an unauthorized telecast of the September 17, 2011 championship boxing match between Floyd Mayweather, Jr. and Victor Ortiz. (D.N. 1, PageID # 3; D.N. 38-2, PageID # 184) Caro broadcast the fight in her restaurant, El Tapatio, without paying for the right to do so. (D.N. 1) That night, a J & J Sports investigator observed the boxing match on three televisions in El Tapatio. (D.N. 38-4) He also observed twenty people in the restaurant, but did not distinguish between patrons and employees. (*Id.*) There was no cover charge to get in, nor was there any advance advertisement of the fight. (*Id.*) To legally broadcast this fight, El

Tapatio should have purchased a commercial sublicense fee for twenty occupants for $2,200. (D.N. 38-2, PageID # 185; D.N. 38-3)

Based on these facts, J & J Sports asks the Court to award the maximum allowance for statutory damages, which would be $110,000 under § 605.[1]  (D.N. 38, 38-2)  But that amount would be excessive.  In a similar case from this district, J & J Sports received $1,000, the statutory minimum, under nearly identical circumstances.  *J & J Sports Productions, Inc. v. El Rey Mexican Restaurant, LLC*, No. 3:10CV-730-S, 2014 WL 5500501, at *1 (W.D. Ky. Oct. 30, 2014).

In *El Rey*, the defendant illegally televised a fight for six individuals.  *Id*.  There was no cover charge, advertising, or promotional activity.  The Court found that the plaintiff's evidence of willfulness was weak and did not support a finding that the underlying violation was undertaken for commercial advantage or private financial gain, a necessity under § 605(e)(3)(C)(ii).  *Id*.

Similarly, in *Joe Hand Promotions, Inc. v. Tip Off, Inc.*, No. 3:08CV-600-S, 2013 WL 441989, at *1 (W.D. Ky. Feb. 5, 2013), another case in this district, the Court awarded slightly more than the statutory minimum and found no showing of willfulness.  The Court analyzed § 553 instead of § 605, and based its determination on "the (1) absence of a cover charge, (2) patronage of 35 to 40 people, (3) the broadcast on one of two televisions on the premises, and (4) a lack of information concerning commercial gain by the violator." *Id.*

---

[1] When a defendant is liable of violating both § 553 and § 605, § 605 applies.  *See J & J Sports Prod., Inc. v. Lukes*, No. 110CV00535, 2010 WL 4105663, at *2 (N.D. Ohio Oct. 18, 2010); *Zuffa, LLC v. Black Diamond, Inc.*, No. 10-02844, 2011 WL 6217143, at *7 (W.D. Tenn. Dec. 14, 2011); *J & J Sports Prods., Inc. v. Smith*, No. 2:13-CV-915, 2014 WL 558782, at *2 (S.D. Ohio Feb. 13, 2014); *J & J Sports Prods., Inc. v. Stanley*, No. 12-14093, 2014 WL 2763635, at *3 (E.D. Mich. June 18, 2014).

There is no material distinction between those cases and this one.  Like the offending establishments in *El Rey* and *Tip Off*, El Tapatio did not charge for entry, and did not advertise or promote the broadcast.  (D.N. 38-4)  There were few patrons.  (*Id*.)  And like the defendants in *El Rey* and *Tipp Off*, El Tapatio did not broadcast the fight for commercial advantage or private financial gain.  Thus, Caro was not a *willful* violator under § 605(e)(3)(C)(ii).  But Caro did violate § 605, resulting in a $2,200 loss for J & J Sports.  (D.N. 37, 38)  The Court considers an award of $2,200 to be reasonable and consistent with the purposes of the statute.

J & J Sports also asks for attorney fees and costs, which it is entitled to under § 605(e)(3)(B)(iii).  The Court finds that J & J Sports' requested attorney fees figure ($1,165.50) (D.N. 38-1) directly corresponds with the requisite Lodestar figure, which is determined first by "multiply[ing] the number of hours reasonably expended on the litigation by a reasonable hourly rate," and, second, adjusting "the award upward or downward to achieve a reasonable result." *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (quoting *Hensley*, 461 U.S. at 434 (1983)).  The number of hours expended, 6.3, is reasonable, and the hourly rate, $185, is commensurate to an hourly rate found reasonable by other judges in this district.  *See El Rey*, 2014 WL 5500501; *Tip Off*, 2013 WL 441989.  No adjustment is necessary.

In sum, the Court finds that a statutory award of $2,200 is just, and that attorney fees of $1,165.50 and costs of $520 are reasonable.  A separate order and judgment will be entered this date in accordance with this opinion.

December 22, 2015

**David J. Hale, Judge
United States District Court**

3